J-S59024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| EARNEST N. DUKES | : | |
| | : | |
| Appellant | : | No. 3626 EDA 2016 |

Appeal from the PCRA Order November 3, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0504571-1991

BEFORE:   BENDER, P.J.E., OTT, J., and FITZGERALD, J.*

MEMORANDUM BY OTT, J.:                    **FILED DECEMBER 19, 2017**

Earnest N. Dukes appeals, *pro se*, from the order entered November 3, 2016, in the Court of Common Pleas of Philadelphia County denying him relief on his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9540 et seq. The petition, Dukes' fifth, was denied without a hearing, pursuant to Pa.R.Crim.P. 907. In this timely appeal, Dukes claims the PCRA court erred in determining, 1) his petition was untimely, 2) his petition was meritless, and 3) his constitutional rights had not been violated.  Dukes bases his claims on the United States Supreme Court cases of **Miller v. Alabama**,

_____

* Former Justice specially assigned to the Superior Court.

___ U.S. ___, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012)[1] and ***Montgomery v. Louisiana***, ___ U.S. ___, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016).[2] After a thorough review of the submissions by the parties, certified record, relevant law, we affirm.

The relevant underlying facts are easily related. In 1990, when he was 22 years old, Dukes shot and killed a man while robbing him of his gold chain. In 1992, Dukes pled guilty to second-degree murder and was sentenced to a mandatory term of life imprisonment without parole. Following the ***Montgomery*** decision, Dukes filed the instant PCRA petition claiming although he was 22 years old at the time of the crime, and although ***Miller*** only applies to those defendants who were under the age of 18 at the time of the crime, he should be entitled to relief, as scientifically, his brain was also immaturely developed.

> Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error.

***Commonwealth v. Shiloh***, 170 A.3d 553, 556 (Pa. Super. 2017) (citation omitted).

---

[1] ***Miller*** determined that mandatory sentences of life imprisonment without parole for minors were unconstitutional, due to the immaturity of a minor's brain development.

[2] ***Montgomery*** determined that the ***Miller*** decision was entitled to retroactive application on collateral review.

Here, the PCRA court determined the instant petition was untimely and therefore the court had no jurisdiction to address the merits of Dukes' claim. Clearly, the instant petition is facially untimely; Dukes pled guilty in 1992, this petition was not filed until 2016. The PCRA allows a petitioner one year from the date his or her judgment of sentence became final to file a PCRA petition. Dukes' judgment of sentence became final in October of 1993. **See** PCRA Court opinion, at 1. Accordingly, the instant petition is approximately 23 years too late.

> The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in Section 9545(b)(1) of the statute. **See** 42 Pa.C.S. § 9545(b). A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." **See Hernandez**, 79 A.3d at 651-52; **see also** 42 Pa.C.S. § 9545(b)(2).

**Commonwealth v. Furgess**, 149 A.3d 90, 92-93 (Pa. Super. 2016).

Here, Dukes asserts the combination of the U.S. Supreme Court decisions of **Miller** and **Montgomery** satisfy the timeliness exception found at 42 Pa.C.S. § 9545(b)(1)(iii), "a constitutional right that was recognized by the U.S Supreme Court or the Supreme Court of Pennsylvania after the time period provided in this section and has been held to apply retroactively." As noted above, Dukes has claimed entitlement to the application of

*Miller/Montgomery* because, at 22 years old at the time of his crime, his brain was immaturely developed as described by the Supreme Court in *Miller*.

This argument was rejected by previous decision by our Court, specifically *Commonwealth v. Furgess*, *supra*, and *Commonwealth v. Cintora*, 69 A.3d 759 (Pa. Super. 2013). In *Furgess*, our Court held:

> Appellant argues that he nevertheless may invoke *Miller* because he was a "technical juvenile," and he relies on neuroscientific theories regarding immature brain development to support his claim that he is eligible for relief. But, rather than presenting an argument that is within the scope of the Miller decision, this argument by Appellant seeks an *extension* of Miller to persons convicted of murder who were older at the time of their crimes than the class of defendants subject to the Miller holding. See Appellant's Brief at 3-7.
>
> We rejected reliance on this same argument for purposes of Section 9545(b)(1)(iii) in *Commonwealth v. Cintora*, 69 A.3d 759 (Pa. Super. 2013). The defendants in *Cintora* were 19 and 21 years old at the times of their crimes, but they argued that *Miller* should apply to them and others "whose brains were not fully developed at the time of their crimes." *Id.* at 764. We stated that "[a] contention that a newly-recognized constitutional right *should* be extended to others does not render [a] petition [seeking such an expansion of the right] timely pursuant to section 9545(b)(1)(iii)." *Id.* (emphasis in original).
>
> We also pointed out in *Cintora* that the right recognized in *Miller* had not been held to apply retroactively at the time of that decision and that its non-retroactivity would have been an alternative basis for denial of relief. 69 A.3d at 764 n. 4. Because the U.S. Supreme Court in *Montgomery* has since held that *Miller* does apply retroactively, this second reason stated in the *Cintora* opinion is no longer good law. However, nothing in *Montgomery* undermines *Cintora*'s holding that petitioners who were older than 18 at the time they committed murder are not within the ambit of the *Miller* decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii). Accordingly, *Cintora* remains

- 4 -

controlling on this issue, and Appellant's assertion of the time-bar exception at Section 9545(b)(1)(iii) must be rejected.

In sum, the PCRA court correctly concluded that it lacked jurisdiction to consider Appellant's untimely PCRA petition. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

***Commonwealth v. Furgess***, 149 A.3d at 94.

The certified record supports the PCRA court's conclusion that the petition was untimely and that it lacked jurisdiction to consider the merits. Pursuant to ***Furgess*** and ***Cintora***, we affirm the PCRA court's order denying Dukes relief.

Order affirmed.
Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2017